ORIGINAL
D & F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY LUSTBERG, on behalf of himself and all
others similarly situated,

                     Plaintiff,

        -against-

BLOCKBUSTER, INC.

                     Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-1581 (FB)(JO)

*Appearances:*
*For the Plaintiff:*
ROBERT IRA HARWOOD, ESQ.
Wechsler Harwood LLP
488 Madison Avenue
New York, NY 10022

*For the Defendant:*
STEVEN ROBERT PARADISE, ESQ.
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, NY 10103

RONALD LESLIE ORAN, JR., ESQ.
666 Fifth Avenue, 26th Floor
New York, NY 10013-0040

MARC A. FULLER, ESQ.
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201

MICHAEL L. RAIFF, ESQ.
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201

**BLOCK, Senior District Judge:**

        Plaintiff Gary Lustberg ("Lustberg") brings a putative class-action lawsuit alleging consumer fraud, breach of contract, and unjust enrichment against Defendant Blockbuster, Inc. ("Blockbuster"), in connection with Blockbuster's "End of Late Fees"

marketing campaign. Based on its current Membership Agreement ("the Agreement"), which contains an arbitration clause that prohibits class-action and class arbitration, Blockbuster has moved for an order compelling Lustberg to submit his class action claims to individual arbitration. As stated on the record today, because Lustberg is not subject to the Agreement, Blockbuster's motion is denied.

Section 4 of the Federal Arbitration Act ("FAA")[1] allows the Court to compel arbitration *if the parties have entered into* an enforceable, written arbitration agreement. *See* FAA, 9 U.S.C. § 4. However, where the "parties have not agreed to arbitrate," the Court "has no authority to mandate that they do so." *Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir. 1995). Since "arbitration is contractual by nature," arbitration agreements "must not be so broadly construed as to encompass claims and parties that were not intended by the original contract." *Thomson*, 64 F.3d at 776; *see also Louis Dryfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001).

Blockbuster concedes that "[i]t appears that Plaintiff's account predates the arbitration provision," but argues that the provision applies to him nonetheless because Lustberg "seeks to represent Blockbuster members who are bound by [it]." Def. Mot. at 3. While non-signatories to an arbitration agreement may be bound to the agreement in certain limited circumstances, Blockbuster's theoretical basis – that Lustberg seeks to represent putative class members (currently unidentifiable) who are signatories to the agreement – is not one of them. *See Thomson*, 64 F.3d at 776 (enumerating five limited circumstances under which a non-signatory party may be bound to an arbitration

---

[1] The Agreement states that "any claims . . . shall be settled exclusively by binding arbitration governed by the Federal Arbitration Act." Def's Mot., Ex. B.

agreement). Accordingly, Blockbuster's motion to compel arbitration of Lustberg's claims is denied.

Since Lustberg is not bound by the Agreement, the Court does not decide whether or not its arbitration clause is unconscionable. If signatories to the Agreement become parties to the class-action, Blockbuster may renew its motion to compel arbitration; arguments about the validity of the clause should be raised at that time.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
November 9, 2006

3